PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARON ERLE DRISCOLL, JR.,
JACQUELINE KAY CARNEY, and
DWAYNE BANKS,

               Plaintiffs,

     v.

CITY OF ELMIRA, *et al.*,

               Defendants.

_____

**ORDER**

6:21-CV-6759-EAW

Plaintiffs Daron Erle Driscoll, Jr. ("Driscoll"), Jacqueline Kay Carney ("Carney"), and Dwayne Banks ("Banks") (collectively "Plaintiffs") filed this *pro se* action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). The Court denied their motions to proceed *in forma pauperis* on January 9, 2023. (Dkt. 5). Plaintiffs paid the $402.00 filing and administrative fee on February 10, 2023. On February 14, 2023, the Clerk of Court mailed blank summons forms to Plaintiffs. Plaintiffs returned the completed forms on May 10, 2023, and the Clerk of Court issued summonses and mailed copies the same day.

As of November 13, 2023, there was no evidence on the docket that Plaintiffs had served any Defendants or had requested an extension of time to effectuate service. Consequently, the Court ordered each Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute. (Dkt. 8).

1

Plaintiffs responded to the Court's Order to Show Cause, explaining inadvertent errors made in effecting service and requesting an extension of time to serve their complaint. (Dkt. 9; Dkt. 11; Dkt. 12). The Court found good cause for Plaintiffs' failure to effect service and granted their motions for extension of time. (Dkt. 13). The Court ordered Plaintiffs to effectuate service by February 12, 2024, and warned that failure to do so would result in dismissal of this action. (*Id.*).

On January 29, 2024, Plaintiffs filed summons forms with copies of postal receipts as proof that Defendants had been served. (Dkt. 14). This filing does not demonstrate that Plaintiffs have properly served Defendants pursuant to Federal Rule of Civil Procedure 4. *See Bey v. Nassau County District Attorney's Office*, No. 21-CV-5714 (RPK) (PK), 2022 WL 1469401, at *1-3 (E.D.N.Y. May 10, 2022) (mailing the summons and complaint by certified mail to a local government entity or individual officials did not properly serve defendants). The Court notes that Plaintiffs' filing suggests that they again attempted to serve Defendants via mail, as they initially and incorrectly did after filing this action. (*See* Dkt. 9; Dkt. 11; Dkt. 12). Furthermore, Plaintiffs' filing indicates that they attempted to serve the City of Elmira and six John Doe officers, but the complaint (Dkt. 1) names the City of Elmira, John Doe officers, and the Elmira Police Department. Plaintiffs must serve the defendants named in the complaint, and failure to do so will result in dismissal of defendants not properly named and served.

Considering the "special solicitude" that federal courts ordinarily afford to *pro se* litigants," *Tracy v. Freshwater,* 623 F.3d 90, 101 (2d Cir. 2010) (citation omitted), the

Court will provide Plaintiffs with one final opportunity to properly serve Defendants in this action.

Plaintiffs must effectuate service on or before **March 20, 2024.  Failure to comply with this Order will result in the dismissal of this action.**

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED: February 20, 2024
       Rochester, NY